IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,200-01






EX PARTE CHESTER WILLIAM INGRAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,546 IN THE 411TH DISTRICT COURT


FROM POLK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and
sentenced to forty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. Ingram v.
State, No. 09-91-00232-CR (Tex. App.-Beaumont, delivered Oct. 16, 1996, pet. ref'd).

 Applicant contends, among other things, that the State failed to disclose evidence of the
complainant's marital infidelities and the fact that she had said that her husband had beaten her after he
learned of her illicit relationship with one man. In a separate ground, Applicant contends that appellate
counsel was ineffective for not challenging the authority of the attorney pro tem.

 The trial court concluded that evidence of the complainant's marital infidelities was reviewed in
camera at trial and that such evidence was not admissible. It also concluded that appellate counsel was
not ineffective for failing to challenge the authority of the attorney pro tem. The trial court recommended
that we deny relief. We believe, however, that the record is not adequate to resolve Applicant's claims. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and if the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether there was evidence of the
complainant's marital infidelities and her statement regarding being beaten by her husband that was not
reviewed in camera, evidence that was either part of the State's case file or directly communicated to the
attorney pro tem before trial. If there was such evidence in the State's case file or communicated to the
attorney pro tem, the trial court shall determine whether the evidence was favorable and material to
Applicant's guilt. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667
(1985). The trial court shall also determine whether such evidence would have been admissible at trial. In
addition, the trial court shall determine whether the attorney pro tem filed an oath, Tex. Code Crim. Proc.
art. 2.07, and whether counsel objected at trial to the authority of the attorney pro tem. If no oath was filed
and trial counsel properly objected, the trial court shall determine whether appellate counsel was ineffective.
The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: November 14, 2007

Do not publish